IN THE UNITED STATES DISCTRIT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **SERGIO RIVERA, JR et al.** § | | |
|     **Plaintiffs,** § | | |
| § | **CIVIL ACTION NO. _____** | |
| **vs.** § | **Jury Demanded** | |
| § | | |
| **UNITED STATES OF AMERICA** § | | |
|     **Defendant.** § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Sergio Rivera, Jr., individually as surviving son and as representative of the estate of Sergio Rivera, Sr, Deceased; Rosa Rivera, individually and as surviving daughter of Sergio Rivera, Sr., Deceased; and Alicia Rivera, individually and as surviving spouse of Sergio Rivera, Sr, Deceased, hereinafter called "Plaintiffs", complaining of and about the United States of America, hereinafter called Defendant, and for cause would show unto the Court the following:

**INTRODUCTION**

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq., and 28 U.S.C. §1346(b)(1), for negligence, professional malpractice, wrongful death and survival claims in connection with medical care provided to or which was failed to be provided to

decedent, Sergio Rivera, Sr. by the Federally Supported Health Centers Assistance Act of 7992, Public Law No. I02-50Lt 42 U.S.C. 233(q)(k), and the amended Federally Supported Health Centers Assistance Act of 1995, Public Law No. L04-73, 42 U.S.C. S 20L, which provides that the Federal Tort Claims Act is the exclusive remedy for injuries, including death, caused by employees of a deemed Community Health Center which occurred on or about January 7, 1993 or when the Health Center was deemed eligible for coverage.

2. The claims herein are brought against Defendant pursuant to the Federal Tort Claims Act for money damages as compensation for personal injuries and wrongful death caused by the Defendant's negligence.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.[1]

4. This suit has been timely filed, in that Plaintiffs timely served notice of this claim on the Defendant less than two years after the incident forming the basis of this suit.

5. Plaintiffs are now filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the U.S. Department of Health & Human Services' final denial letter dated December 20, 2017.[2]

---

[1] See Exhibit A (Standard Form 95).
[2] See Exhibit B (Administrative Tort Claim Denial Letter).

Plaintiff's Original Complaint                                                         2 | P a g e

## PARTIES, VENUE, AND JURISDICTION

6. Plaintiff Sergio Rivera, Jr. surviving son and on behalf of the estate of Sergio Rivera, Deceased is a citizen of the United States and the State of Texas and resides at 1715 Marquette Avenue, Brownsville, TX 78520.

7. Plaintiff Rosa Rivera, surviving daughter of Sergio Rivera is a citizen of the United States and the State of Texas and resides at 3134 E 22nd St. Brownsville, Tx 78521.

8. Plaintiff Alicia Rivera, surviving spouse of Sergio Rivera is a citizen of the United States and the State of Texas and resides at 3134 E 22nd St. Brownsville, Tx 78521.

9. Jurisdiction is proper under 28 U.S.C. §1346(b)(1) because this suit involves a claim against the United States for personal injury caused by the negligent acts of government employees while acting within the scope of their employment.

10. Venue is proper under 28 U.S.C. §1402(b) because Plaintiffs reside in the Southern District of Texas and because the acts and omissions forming the basis of these claims occurred in this District.

## FACTUAL ALLEGATIONS

11. In September of 2016, Mr. Rivera fell ill and was taken to Valley Baptist Medical Center in Brownsville, Texas. While he was at Valley Baptist, Mr. Rivera was diagnosed with stage 4 lung cancer which had spread all over his body.

On October 27, 2016, a mere month later, Mr. Rivera died of lung cancer. He was 56 years old.

12. Dr. Maria C. Uribe, a doctor employed by Brownsville Community Health Center, d/b/a New Horizon Medical Center was Mr. Rivera's primary care doctor for over 15 years. The last time that Mr. Rivera saw Ms. Uribe was in July of 2016, when he had some bloodwork done. Neither in July nor at any point over the past 15 years did Ms. Uribe or anyone else at New Horizon Medical Center or Brownsville Community Health Center ever tell Mr. Rivera that he had cancer, despite clear reasons to suspect such diagnosis.

13. As Mr. Rivera's sole and primary doctor for over 15 years, Dr. Uribe had ample opportunity to diagnose Mr. Rivera's cancer from its inception, and certainly before it reached stage 4. Ms. Uribe's failure to do so was a proximate cause of Mr. Rivera's death. Claimant hereby seeks damages in excess of the jurisdictional limits of the district court for the damages Mr. Rivera suffered and damages that Claimants have suffered as a result of losing their father, who died due to the negligence of Ms. Maria C. Uribe, and Brownsville Community Health Center, d/b/a New Horizon Medical Center.

14. On or about October 26, 2016, just weeks after receiving the diagnosis of malignant and metatastic lung cancer, Sergio Rivera, Sr. died, leaving his surviving spouse and two surviving children behind.

## CAUSES OF ACTION

### A.     NEGLIGENCE

15. Plaintiffs reallege and reincorporate each and every foregoing allegation as if fully set forth herein.

16. Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that Defendant presented to the community at large.

17. Defendant breached its duty of care to Sergio Rivera, Sr., deceased.

18. As a direct and proximate result of Defendant's negligence, Plaintiffs sustained damages and injuries, for which they hereby sues.

19. The acts and omissions set forth above would constitute a claim under the laws of the State of Texas.

20. Defendant is liable pursuant to 28 U.S.C. §2674 et seq.

### B.     NEGLIGENT HIRING, SUPERVISION, AND RETENTION

21. Plaintiffs reallege and reincorporate each and every foregoing allegation as if fully set forth herein.

22. At all times relevant to this Complaint, Defendant had a duty to hire competent employees in order to meet its standards of quality of care for its patients, including Sergio Rivera, Sr., deceased. Defendant knew, or should have known, that the medical staff at Brownsville Community Health Center, d/b/a New Horizon

Medical Center were not properly trained or supervised in a manner necessary to provide a level of care for Plaintiff that met all applicable legal requirements, demonstrated the standard and degree of care and skill required of competent health care professionals, and was consistent with the expertise that Defendant presented to the community at large.

23. Defendant breached its duty by negligently hiring incompetent, inexperienced, and unqualified employees.

24. Defendant had a duty to retain only competent and adequately trained employees in order to meet its standard of quality of care for its patients, including Plaintiff.

25. Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified, and inadequately trained employees.

26. As a direct and proximate result of Defendant's negligent hiring, supervision, and retention, Plaintiff suffered injury, for which he now sues.

27. The acts and omissions set forth above would constitute a claim under the laws of the State of Texas.

28. Defendant is liable pursuant to 28 U.S.C. §2674 et seq.

### C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiffs reallege and reincorporate each and every foregoing allegation as if fully set forth herein.

30. Brownsville Community Health Center, d/b/a New Horizon Medical Center recklessly provided medical treatment to Sergio Rivera, Sr., as well as ignored signs and symptoms and failed to take proper precautions in light of Mr. Rivera's repeated and long-standing symptoms and complaints. Defendant's conduct was extreme and outrageous and was the cause of severe emotional distress to Plaintiff.

31. The acts and omissions set forth above would constitute a claim under the laws of the State of Texas.

32. Defendant is liable pursuant to 28 U.S.C. §2674 et seq.

### COUNT IV- VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND AGENCY

33. Plaintiffs reallege and reincorporate each and every foregoing allegation as if fully set forth herein.

34. At all times relevant to this case, the medical staff that performed continual services to Sergio Rivera, Sr., and looked after Plaintiff while he was a patient at Brownsville Community Health Center, d/b/a New Horizon Medical Center were employed by and acting on behalf of Defendant.

35. At all relevant times to this Complaint, the employees were acting within their respective capacities and scopes of employment for Defendant.

36. Defendant's employees negligently and recklessly, directly and proximately caused personal injury to Plaintiffs, and the wrongful death of Sergio Rivera, Sr.

37. The acts and omissions set forth above would constitute a claim under the laws of the State of Texas.

38. Defendant is liable pursuant to 28 U.S.C. §2674 et seq..

### COUNT V - CLAIM FOR WRONGFUL DEATH

39. This claim for damages resulting from the wrongful death of Sergio Rivera, Sr., deceased, hereinafter called "the decedent" is brought by Sergio Rivera Jr.. Individually, as Surviving child and on behalf of the Estate of Sergio Rivera, Sr., deceased; Rosa Rivera, Individually, as Surviving child; and Alicia Rivera, Individually, and as Surviving spouse of Decedent pursuant to Texas Civil Practice and Remedies Code, 71.001 et. seq. This claim is based upon the facts and legal theories more fully set out herein.

40. Prior to his diagnosis, the decedent was in reasonably good health with a normal life expectancy. The decedent was a loving father and husband and provided reasonable services to his spouse and children. Decedent also provided his children and spouse with joy, happiness and anticipation of all the pleasures that a husband/father can provide to his wife/children, as well as the anticipation of care,

counsel, advice, nurture, guidance and affection both to and for his wife and children in the future.

41. As a result of the wrongful death of Sergio Rivera, Sr., deceased; his son, daughter and wife have suffered damages in the past, including termination of the parent-child relationship and severe mental anguish, and will, in reasonable probability, continue to suffer damages in the future as a direct result of the wrongful death of Sergio Rivera, Sr., deceased in an amount within the jurisdictional limits of the court.

### COUNT VI - SURVIVAL CLAIM FOR PERSONAL INJURIES TO SERGIO RIVERA, SR., DECEASED

42. This claim for damages resulting from the death of Sergio Rivera, Sr., deceased, hereinafter called "the decedent" is brought by Sergio Rivera, Jr., the personal representative of his estate, upon the request of the eligible survivors. This claim is based upon the facts and legal theories more fully set out herein.

43. Any person required to be a named Plaintiff in this lawsuit to collect damages under Section 71.02I., Texas Civil Practice and Remedies Code, is a named Plaintiff. Plaintiff brings this survival action pursuant to Texas Civil Practice and Remedies Code, Section 71.021, because of personal injuries suffered by the decedent, which resulted in his death, based upon the facts and legal theories more fully set out above.

44.  Plaintiffs seek damages for the conscious pain and suffering and mental anguish that the decedent suffered prior to death and for the reasonable and necessary medical, funeral and burial expenses which were reasonably incurred because of such wrongful death. Plaintiffs seek damages within the jurisdictional limits of the court.

## EXEMPLARY DAMAGES

45. Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

46. Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs from Defendant.

## DAMAGES

47.  Plaintiff sustained the following damages as a result of the actions and omissions of Defendant described hereinabove:

    a.    Actual damages;

    b.    Exemplary damages;

    c.    Funeral expenses and burial costs;

    c.      All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs;

    d.      All reasonable and necessary costs incurred in pursuit of this suit;

    e.      Emotional pain;

    f.      Expert fees as the Court deems appropriate;

    g.      Inconvenience;

    h.      Loss of enjoyment of life;.

    i      Physical Pain, in the past;

    j.      Mental anguish in the past;

    k.      Mental anguish in the future;

    l.      Pre-judgment interest;

    m.      Post judgment interest.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully prays that Defendant United States of America be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs and against Defendant for damages in the amount of $1,000,000.00, exemplary damages, interest as allowed by law, attorney's fees and court costs, and such other and further relief to which Plaintiffs may be justly entitled, at law or equity.

**PLAINTIFFS DEMAND A JURY**

Respectfully submitted,

**THE JUREK LAW GROUP, PLLC**

By:_____
LYNNE M. JUREK
Texas Bar No. 11059250
Southern District Bar No. 15489
4309 Yoakum Blvd.
Houston, TX 77006
Telephone:  (713) 230-8233
Facsimile:   (713) 230-8654
Email:  lmjurek@jureklaw.com
**ATTORNEY FOR PLAINTIFFS**