United States District Court
Southern District of Texas
**ENTERED**
May 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SERGIO RIVERA, JR., <br>     Plaintiff, | § § § | |
| v. | § § | Case No. 1:18-cv-095 |
| UNITED STATES OF AMERICA, <br>     Defendant. | § § § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Plaintiff Sergio Rivera, Jr.'s "Original Complaint" (hereinafter, Rivera's "Complaint"). Dkt. No. 1. The Court is also in receipt of Defendant United States of America's "Motion for Summary Judgment" (hereinafter, Defendant's "Summary Judgment Motion" or "Motion"). Dkt. No. 71. For the reasons stated below, it is recommended that: (1) Defendant's Motion be **GRANTED**; (2) Rivera's Complaint be **DISMISSED WITH PREJUDICE**; and (3) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

### I.   Jurisdiction

This Court has subject-matter jurisdiction pursuant to the Federal Tort Claims Act. *See* 28 U.S.C. §§ 1346(b) and 2671.

## II. Background and Procedural History

Rivera, along with his mother and sister (hereinafter, collectively, the "Plaintiffs"), filed the instant Complaint against the Defendant on June 18, 2018. Dkt. No. 1. In their Complaint, Plaintiffs allege that the Defendant is liable under the Federal Tort Claims Act ("FTCA") for "negligence, professional malpractice, wrongful death, and survival claims" based on inadequate medical care provided to Sergio Rivero, Sr. (hereinafter, "Rivera Sr."). [1] *Id.* at 1–2. Rivera Sr. was diagnosed with advanced-staged four lung cancer in September 2016. *Id.* at 3. He died on October 27, 2016. *Id.* Plaintiffs allege that Rivera Sr.'s primary care doctor, Dr. Maria C. Uribe, and Brownsville Community Health Center provided inadequate medical care by failing to detect Rivera Sr.'s advanced-stage lung cancer; Dr. Uribe was his doctor for over 15 years. Dkt. No. 1 at 4. Plaintiffs assert that the Defendant failed its duty to hire competent medical staff and maintain a certain level of medical care. *Id.* at 5. Plaintiffs seek actual and exemplary damages for emotional distress, mental anguish, funeral expenses, and attorney's fees. Dkt. No. 1 at 11.

On May 7, 2019, the Court granted Plaintiffs' counsel's motion to withdraw due to medical reasons. Dkt. Nos. 26, 27. On May 19, 2019, Rivera's mother and sister notified the Court that they did not wish to proceed, and instead proceeded to waive all claims against the Defendant in the above-captioned case. Dkt. Nos. 34, 38, 39, 40. Accordingly, Rivera is the sole plaintiff in this case. *Id.* at 54.

---

[1] In their Complaint, Plaintiffs raise the following causes of action against the Defendant: (1) negligence; (2) negligent hiring, supervision, and retention; (3) intentional infliction of emotional distress; (4) vicarious liability, respondeat superior, ostensible agency and agency; (5) wrongful death; and (6) survivorship claims. Dkt. No. 1 at 5–9.

On September 10, 2019, Defendant filed a motion to compel based on Rivera's failure to comply with its discovery requests or otherwise adhere to the Federal Rules of Civil Procedure. Dkt. No. 59. The Court held a Show Cause Hearing on November 13, 2019. Dkt. No. 60. At the hearing, the Court admonished Rivera for his failure to: (1) adhere to the Court's scheduling order; (2) comply with the Defendant's discovery requests; and (3) comply with the Federal Rules of Civil Procedure. *See* Minute Entry Dated Nov. 13, 2019; Dkt. No. 62. Rivera assured the Court that he would comply with all future discovery requests and case-related deadlines. *Id.* The Court ordered the parties to confer and submit a new joint case management plan and proposed scheduling order. Dkt. No. 62.

Defendant filed its instant Motion on April 23, 2020. Dkt. No. 71. In its Motion, Defendant argues that Rivera has "failed to provide evidence in support of his position that Dr. Uribe breached the standard of care and caused injury." *Id.* at 1. Defendant claims that Rivera cannot maintain his suit without expert witness testimony and evidence to prove medical negligence. *Id.* at 2. Defendant further asserts that, despite the Court's previous admonishment, Rivera has failed to: (1) provide the required initial disclosures; (2) designate expert witnesses; and (3) adhere to the Federal Rules of Civil Procedure. *Id.* at 1–2. Defendant argues it is entitled to summary judgment as a matter of law. *Id.* at 11. Rivera has not responded to Defendant's Motion; the deadline to file a response has passed.

### III. Legal Standards

**A.    Federal Rules of Civil Procedure 56**

The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Therefore, summary judgment is proper if, under governing laws, there is only one reasonable conclusion as to the verdict. If reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted. *Id.* at 249.

The movant on a summary judgment motion bears the initial burden of providing the court with a legal basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The

burden then shifts to the resisting party to present affirmative evidence to defeat the motion. *Anderson*, 477 U.S. at 257. All facts and the inference drawn from those facts must be viewed in the light favorable to the party resisting the motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). "The court need consider only the cited materials, but it may consider other materials sin the record." FED. R. CIV. P. 56(c)(3).

**B.     Pro Se Status**

A pro se litigant's pleadings should be afforded a liberal construction, even if they are inartfully pleaded. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). The filings of pro se litigants are given a liberal construction that affords all reasonable inferences which can be drawn. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000). However, "conclusionary allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books-A-Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citation omitted). "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

## IV.     Discussion

Rivera has not obtained new counsel and is proceeding pro se. Despite his pro se status, Rivera must still comply with the Federal Rules of Civil Procedure, and all case-related deadlines. *See Birl*, 660 at 593.

### A. Federal Tort Claims Act

The United States is immune from suit unless it has waived its sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). "The FTCA is a waiver of sovereign immunity that allows a plaintiff to bring a civil action for damages against the Government." *Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir. 2009). The FTCA allows for civil actions against the United States for personal injury or death caused by the negligence of a government employee, where a private person would be liable under the laws of the state where the negligent act or omission took place. 28 U.S.C. §§ 1346(b)(1), 2674.

State law governs liability for medical malpractice under the FTCA. *Ayers v. United States*, 750 F.2d 449, 452 n. 1 (5th Cir. 1985). Texas law allows civil actions for wrongful death and survival claims for personal injury when the injured person dies. TEX. CIV. PRAC. & REM. §§ 71.002, 71.021. Under Texas law, the plaintiff in a medical malpractice action bears the burden of providing: "(1) a duty by the physician or hospital to act according to the applicable standard of care; (2) breach of that standard of care; (3) an injury, and (4) a causal connection between the breach of care and the injury." *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003).

As a threshold requirement, a plaintiff must establish the applicable standard of care before the fact finder considers whether the defendant breached that standard of care to constitute negligence. *Quijano*, 325 F.3d at 567. "Expert testimony is generally required to prove the applicable standard of care." *Id.* The expert's testimony "must focus on the standard of care in the community in which the

treatment took place or in similar communities." *Id.* at 568. Expert testimony is not necessary when "the mode or form of treatment is a matter of common knowledge or is within the experience of a layman." *Pierson v. United States*, 605 Fed. Appx. 293, 295 (5th Cir. 2015). Absent this narrow exception, a plaintiff must provide expert testimony to prove the applicable standard of care, breach of that standard, and a causal connection between the breach and harm suffered for medical malpractice in Texas. *See Hannah v. United States*, 523 F.3d 597, 601–02 (5th Cir. 2008); *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005). Additionally, a plaintiff must "prove how a reasonably careful and prudent physician would have acted under the same or similar circumstances." *Summers v. United States*, No. 1:13-CV-138-BL, 2018 WL 6696772, at *5 (N.D.Tex. Dec. 20, 2018). Texas law grants a presumption that health-care providers have discharged their duty of care. *Id.* "Defeating the presumption of proper care requires affirmative proof of negligence and proximate cause." *Id.*

Here, Rivera brings numerous FTCA claims against the Defendant. Rivera alleges that the Defendant is liable for the acts and omissions of Dr. Maria Uribe, and the Brownsville Community Health Center medical staff for failing to detect Rivera Sr.'s advanced-staged lung cancer. Dkt. No. 1 at 1–6. According to his death certificate, Rivera Sr. ultimately died from "malignant neoplasm of right lung with metastases to left lung." Dkt. No. 71-1.

Because the diagnosis and treatment of advanced-staged lung cancer is not common knowledge, Rivera is required to present expert testimony to establish the applicable standard of care. *See Pierson,* 605 Fed. Appx. at 295. According to the

record, Rivera had a deadline to designate expert witnesses on or before January 31, 2020. Dkt. No. 67. To date, Rivera has not designated any expert witnesses. Rivera, then, has failed his initial burden of proof under Texas law to provide expert testimony on the applicable standard of care and whether that standard of care was breached. Without expert testimony, Rivera cannot prevail on his medical malpractice claim. *See Hannah*, 523 F.3d at 602 ('[Plaintiff] neither designated nor hired an expert to testify on his behalf, so the district court properly granted summary judgment on the FTCA claim.").

Summary judgment is appropriate when a plaintiff fails to produce admissible expert testimony to establish the applicable standard of care. *See Pierson*, 416 Fed. Appx. at 403 ("The district court correctly concluded that the government is entitled to summary judgment if [the Plaintiff] cannot designate an expert witness to establish that the government breached the standard of care, an essential element of the medical-malpractice claim."). Therefore, Defendant's Motion for Summary Judgment should be **GRANTED**.

## V. Recommendation

It is recommended that: (1) Defendant's Motion be **GRANTED**; (2) Rivera's Complaint be **DISMISSED WITH PREJUDICE**; and (3) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

## VI.     Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

**SIGNED** on this 26th day of May, 2020, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**